UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANDA SHIVANANJAPPA,

                Plaintiff,

      -against-

RAJENDRA BHAYANI,

                Defendant.

1:20-CV-1564 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Nanda Shivananjappa, who resides in Piscataway, New Jersey, brings this *pro se* action invoking the Court's diversity jurisdiction. She sues the father of her child, Rajendra Bhayani, who resides in Brooklyn, New York.[1] Plaintiff seeks unspecified damages and immediate and permanent injunctive relief. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Included in Plaintiff's complaint and other pleading are references to the full names of minor children, individuals' complete dates of birth, complete Social Security numbers, and complete financial-account numbers. (ECF 2 & 3.) Under Rule 5.2 of the Federal Rules of Civil Procedure, however, a litigant is permitted to refer to this type of information in a court submission only by listing the initials of a minor's name, the year of an individual's birth, the last four digits of a Social Security number, and the last four digits of a financial-account number. Fed. R. Civ. P. 5.2(a)(1)-(4). In an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to Plaintiff's complaint and other pleading to a "case-participant only" basis.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiff alleges that the defendant resides in Brooklyn, Kings County, New York, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). And she seems to allege that the events that are the basis of her claims occurred in New Jersey, which is within the District of New Jersey, 28 U.S.C. § 110, and in Brooklyn, within the Eastern District of New York, *see* § 112(c). Because Plaintiff does not allege that the defendant resides in this judicial district or that the events or omissions giving rise to her claims occurred in this judicial district, venue is not proper in this Court under § 1391(b)(1) or (2). Rather, the United States District Courts for the Eastern District of New York and the District of New Jersey are both proper venues for this action. *See* 28 U.S.C. §§ 110, 112(c), 1391(b)(1), (2). Because the defendant resides in Brooklyn, and at least some of the events giving rise to Plaintiff's claims took place there, transfer to the Eastern District of New York appears to be appropriate. *See Compania Minera Spense S.A. v. Seabord Marine Ltd.*, No. 08-CV-5584, 2008 WL 2856548, at *1 (S.D.N.Y. July 23, 2008) (discussing factors considered for transfer under 28 U.S.C. § 1406(a)). The Court therefore transfers this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 5.)

The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees, granted immediate injunctive relief, or whether this action should be sealed are determinations to be made by the transferee court. (ECF 1, 3, & 4.) A

2

summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 24, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge